J. S44033/19

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                      :           PENNSYLVANIA
                v.             :
                                        :
CHAHON GILMORE,           :         No. 294 WDA 2019
                                        :
          Appellant      :

Appeal from the PCRA Order Entered January 28, 2019,
in the Court of Common Pleas of Erie County
Criminal Division at No. CP-25-CR-0003720-2013

BEFORE: SHOGAN, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       FILED OCTOBER 21, 2019

Chahon Gilmore appeals from the January 28, 2019 order[1] entered in the Court of Common Pleas of Erie County dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The record reflects that on November 20, 2015, a jury convicted appellant of robbery, criminal conspiracy, burglary, recklessly endangering another person, and simple assault.[2] Appellant was sentenced to an aggregate 7½ to 20 years' incarceration on February 25, 2016. Appellant filed

---

[1] We note that the order was executed on January 25, 2019, but not entered on the docket until January 28, 2019. The caption has been updated to reflect the date the order was docketed.

[2] 18 Pa.C.S.A. §§ 3701, 903, 3502, 2705, and 2701, respectively.

a post-trial motion seeking to reduce or modify his sentence, which the trial court denied. This court affirmed appellant's judgment of sentence on May 5, 2015; see Commonwealth v. Gilmore, No. 761 WDA 2016, unpublished memorandum (Pa.Super. filed May 5, 2017). Appellant did not seek discretionary review with our supreme court.

On March 27, 2018, appellant filed pro se the instant PCRA petition. PCRA counsel was appointed, and a supplemental PCRA petition was subsequently filed. The PCRA court notified appellant of its intent to dismiss appellant's PCRA petition pursuant to Pa.R.Crim.P. 907 and included with its notice an opinion addressing the merits of appellant's PCRA petition. (Notice of intent to dismiss and opinion, 10/22/18 at 1-9.) Appellant did not file a response. On January 28, 2019, the PCRA court dismissed the PCRA petition.

On February 25, 2019, appellant filed a timely notice of appeal. The PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The PCRA court subsequently filed a Rule 1925(a) opinion relying on its Rule 907 notice opinion.

Appellant raises the following issue for our review:

> Whether the [PCRA] court erred in denying PCRA relief in the nature of issuance of arrest of judgment predicated on the newly discovered evidence in which the appellant's co-defendant has fully exculpated him from invovlement [sic] in the criminal episode?

Appellant's brief at 2.

Appellant contends his co-defendant's recanting of the incriminating statement he previously made to police implicating appellant in the crimes constitutes after-discovered exculpatory evidence, and therefore, appellant is entitled to PCRA relief. (Id. at 4-6.)

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." Commonwealth v. Miller, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). We review the appeal "in the light most favorable to the prevailing party at the PCRA level[,]" and "[o]ur review is limited to the findings of the PCRA court and the evidence of record." Commonwealth v. Henkel, 90 A.3d 16, 20 (Pa.Super. 2014) (en banc). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." Commonwealth v. Lawson, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This [c]ourt grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." Commonwealth v. Hickman, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions de novo. Henkel, 90 A.3d at 20.

Our supreme court has held:

> the "after-discovered evidence" provision, which states that a claim alleging "the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have

changed the outcome of the trial if it had been introduced" is cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(vi). To establish such a claim, a petitioner must prove that "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict."

Commonwealth v. Cox, 146 A.3d 221, 228 (Pa. 2016) (case citation omitted). "The test is conjunctive; [appellant] must show by a preponderance of the evidence that each of these factors has been met in order for [relief] to be warranted." Commonwealth v. Foreman, 55 A.3d 532, 537 (Pa.Super. 2012).

Here, appellant attached to his supplemental PCRA petition a sworn affidavit by appellant's co-defendant that stated, inter alia, "[appellant] is innocent of all charges against him." (Appellant's supplemental PCRA petition, 6/19/18 at Affidavit Exhibit.) Appellant argues that because the affidavit in which his co-defendant recants his implication of appellant in the crimes was signed on March 15, 2017, more than a year after appellant was convicted and sentenced, this affidavit constitutes after-discovered exculpatory evidence. (Appellant's brief at 4-6.) The PCRA court, in dismissing appellant's PCRA petition, explained that the contents of the affidavit "are essentially the same thing" as the co-defendant's testimony at appellant's trial, and therefore, the affidavit cannot be considered after-discovered evidence which

entitles appellant to PCRA relief pursuant to Section 9543(a)(2)(vi). (PCRA court opinion, 4/10/19 at 1.)

The record demonstrates that prior to appellant's trial, the co-defendant provided the police with a videotaped statement in which the co-defendant implicated appellant in the crimes. (Notes of testimony, 11/18/15 at 121, 123.) At trial, the co-defendant recanted his statement when he testified, "[appellant] had nothing to do with any robbery." (Id. at 123-124; see also PCRA court opinion, 10/22/18 at 3.) The evidence contained in the affidavit, namely, the co-defendant's recant of his implication of appellant's involvement the crimes, cannot qualify as after-discovered evidence that subsequently became available after trial because the co-defendant's affidavit is cumulative of his trial testimony. Furthermore, because the co-defendant testified at trial that appellant was not involved in the crimes and the videotaped statement of the co-defendant implicating appellant was also presented at trial, the jury, as fact-finder, took all of this evidence into consideration when reaching its conviction verdict. Therefore, an affidavit that states the same as the co-defendant's testimony given at trial is not "likely to compel a different verdict."

The PCRA court's dismissal of appellant's PCRA petition is supported by the record and free of legal error. Consequently, appellant's claim that the PCRA court erred in denying his PCRA relief based upon appellant's alleged after-discovered exculpatory evidence is without merit.

Order affirmed.

Shogan, J. joins this Memorandum.

McLaughlin, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2019